UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

WILLIAM EGBERT GIBSON, ET AL.                                                        Plaintiffs

v.                                                                         Civil Action No. 3:18-CV-43-RGJ

FORD MOTOR COMPANY, ET AL.                                                          Defendants

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Plaintiffs William Gibson and Judy Gibson ("Gibsons") filed a Motion to Alter, Amend, or Vacate Judgment. [DE 83]. Ford Motor Company ("Ford") and Conduent, Inc. ("Conduent") responded. [DE 88; DE 89]. The Gibsons replied. [DE 90]. The motion is ripe. For the reasons below, the motion is **GRANTED**.

### I.   BACKGROUND

The relevant facts are in this Court's previous order [DE 82]. Count II of the Gibsons' Second Amended Complaint has two parts. The first part asserts breach of fiduciary duty under 29 U.S.C § 1132(a)(3). The second part seeks statutory penalties under 29 U.S.C. § 1132(c) for failing to provide certain information requested by the Gibsons. The Court denied Ford's and Conduent's motions for summary judgment as to the first part of Count II for breach of fiduciary duty. The Court granted Ford's and Conduent's motions for summary judgment as to the second part of Count II for statutory penalties.[1] [DE 82 at 1161-1164]. The Gibsons' motion objects to the Court's

---

[1] The Court granted summary judgment to Conduent on the statutory penalty claim because only Ford, as the Plan Administrator, can be liable for statutory penalty. The Sixth Circuit has held that "only plan administrators are liable for statutory penalties under section 1132(c)." *See Caffey v. UNUM Life Ins.* Co., 302 F.3d 576, 585 (6th Cir. 2002). ERISA defines a plan administrator as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A). The Gibsons do not seek to alter this ruling in the motion.

1

grant of summary judgment to Ford but does not object to the grant of summary judgment to Conduent on the statutory penalty aspect of Count II.

The Court granted summary judgment to Ford on the statutory penalty claim because Ford cannot be liable for a statutory penalty for failing to inform the Gibsons that a document did not exist. [DE 82 at 1163-164]. Ford argued that "[p]laintiffs maintain that 'any plan document setting forth instructions regarding the manner in which investment elections such as those made by Mr. Gibson would be processed falls within the meaning of 'other instruments' relating to the operation of the plan which must be disclosed.'" [DE 68 at 1027 citing DE 66]. Ford argued "[t]hat might be true, **if** they existed . . . [b]ut there are no such documents . . ." and that civil penalties cannot be awarded for failure to produce a document that does not exist. [DE 68 at 1027]. The Court ultimately held, accepting Ford's statement that no documents exist, that although misleading communications may support a claim for ERISA breach of fiduciary duty, a misleading communication would not support a claim for statutory penalty. [DE 82 at 1163-164]. The Gibsons move the Court to amend this aspect of the ruling.

The Gibsons argue that their claim for statutory penalty is not limited to the allegation that Ford failed to inform them that no document exists explaining why Mr. Gibson's transactions were processed simultaneously, rather than sequentially. [DE 83 at 1166]. The Gibsons argue that there may be a document in Conduent's possession responsive to their discovery requests to Conduent [DE 83-1 at 1176-78], that explains why the online platform processed the transaction simultaneous. If such a document is in Conduent's possession, the Gibsons argue that Ford had an obligation to obtain that document and provide it to the Gibsons under 29 U.S.C. § 1132(c). [DE

2

83-1 at 1175]. The Gibsons agree that if no document exists, then there can be no statutory penalty claim against Ford under the analysis used by the Court.[2] [DE 83]

At the oral argument that took place before the Court's ruling, the Court said that it would allow discovery on Count II before ruling on the motion for summary judgment, but the Court did not address this issue further after the oral argument or in its later order. [DE 80, Hrg. Trans. at 1140; DE 82]. The Gibsons argue that the Court's later order prevents them from obtaining discovery about whether a document exists in Conduent's possession that explains why the transactions were processed as they were. [DE 83]. The Gibsons argue that the Court should amend its ruling to allow for discovery on the statutory penalty claim.

## II. DISCUSSION

Rule 59(e) is intended to permit a court to "rectify its own mistakes in the period following the entry of judgment." *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982). A court may alter or amend a prior judgment under Rule 59(e) based only on (1) "a clear error of law," (2) "newly discovered evidence," (3) "an intervening change in controlling law," or (4) "a need to prevent manifest injustice." *Leisure Caviar, LLC v. United States Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b)(1) is proper "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final

---

[2] The Gibsons reserve the right to appeal this ruling. [DE 1167, n.1].

judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Rule 60(b)(6) is a catch-all provision that provides relief from a final judgment when the movant shows "any other reason that justifies relief." *Gonzales v. Crosby*, 545 U.S. 524, 528 (2005).

The issue is whether the Court's opinion granting summary judgment to Ford on the statutory penalty aspect of Count II should be amended to correct a substantive mistake of law or fact, to prevent manifest injustice, or for any other reason justifying relief. The Court sees two issues in resolving the Gibsons' motion: (1) Even assuming Conduent possesses a document explaining the simultaneous processing, would that document qualify as an "other instrument[] under which the plan is established or operated" set forth in 29 U.S.C.A. § 1024(b)(4)? And (2) Are the Gibsons not entitled to the discovery from Conduent, detailed in their motion [DE 83-1 at 1176-78], regardless of the statutory penalty claim?

> 1. <u>Would the document(s) sought qualify as the type of document required by Ford to provide the Gibsons under 29 U.S.C. § 1132(c) to support a statutory penalty claim</u>?
>
> Under ERISA § 104(b)(4), a plan administrator shall:
>
> upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or *other instruments under which the plan is established or operated.*

29 U.S.C. § 1024(b)(4) (emphasis added). If an administrator violates this requirement, they may, in the court's discretion, be liable for "the amount of up to $100 a day from the date of such failure or refusal, and the court may in its discretion order such other relief as it deems proper." 29 U.S.C. § 1132(c)(1)(B).

The type of document the Gibsons seek from Conduent do not constitute a summary plan description, annual report, terminal report, bargaining agreement, trust agreement, or contract. The

4

issue is whether the document the Gibsons seek from Conduent explaining the processing of the transactions would fall into the category of "other instruments under which the plan is established or operated" which Section 1024(b) requires plan administrators to provide to plan participants. In *Allinder v. Inter-City Procucts Corp.*, the Sixth Circuit examined the meaning of "other instruments" stating:

> From the statute's enumeration of the specific terms "summary plan description," "plan description," "bargaining agreement," and "contract," it is apparent that "other instruments" was meant to refer to documents that provide or contain information concerning the terms and conditions of the participant's policy. In a similar vein, the general term "other instruments" is qualified by the phrase "under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Section 1024(b)(4)'s reference to "other instruments" is thus properly limited to those class of documents which provide a plan participant with information concerning how the plan is operated.

*Id*. Thus the Sixth Circuit determined that the term "other instruments" is "limited to those class of documents which provide a plan participant with information concerning how the plan is operated." *Allinder v. Inter-City Prods. Corp.*, 152 F.3d 544, 549 (6th Cir. 1992).

Along with analyzing the express language of the statute, the Sixth Circuit examined the following legislative history where Congress recognized:

> a need for a more particularized form of reporting so that the individual participant knows exactly where he stands with respect to the plan—what benefits he may be entitled to, what circumstances may preclude him from obtaining benefits, what procedures he must follow to obtain benefits, and who are the persons to whom the management and investment of his plan funds have been entrusted . . . [T]he safeguarding effect of the fiduciary responsibility section will operate efficiently only if fiduciaries are aware that the details of their dealings will be open to inspection, and that individual participants and beneficiaries will be armed with enough information to enforce their own rights as well as the obligations owed by the fiduciary to the plan in general.

*Id.* at 549-50 citing H.R. Rep. No. 533, 93d Cong., 2d Sess. 11 (1973), reprinted in 1974 U.S.C.C.A.N. 4639, 4649. The Sixth Circuit stated that this legislative history shows Congress intended § 1132(c) "'to guarantee that plan participants have access to the information they need

to protect their interests in the assets and funds being managed by the plan fiduciaries.'" *Id.* at 550 citing *Arsenault v. Bell,* 724 F. Supp. 1064, 1066 (D.Mass.1989). In *Allinder*, the Sixth Circuit ultimately held that "claim forms" did not qualify as "other instruments" because they are "simply documents used in the ministerial day-to-day processing of individual claims pursuant to other documents that determine the plan's operation." *Id*.

In an unpublished decision in 2008, the Sixth Circuit reiterated the findings in *Allinder* when it held that a request for a "plan enrollment form" was not "indispensable to the operation of the plan," and thus administrators did not need to provide it under § 1024(b)(4). *Jordan v. Tyson Foods, Inc.*, 312 Fed App'x 726, 734–35 (6th Cir. 2008). "Both [enrollment forms and claim forms] may be related to the receipt of benefits, but neither concerns the operation of the plan as contemplated in § 1024(b)(4)." *Id*. at 735.

The Eastern District of Kentucky, applying the analysis from *Allinder*, stated that it was unlikely that "all worksheets and correspondence used to calculate Plaintiff's benefits under the plans" would fall within the categories of documents required by § 1024(b)(4). *Hollowell v. Cincinnati Ventilating Co.*, 711 F. Supp. 2d 751, 761 (E.D. Ky. 2010).

In *Bartling v. Fruehauf*, the Sixth Circuit held that plan administrators must disclose "actuarial reports" upon request under § 1024(b)(4) because they "are indispensable to the operation of the plan" and thus "instruments under which the plan is . . . operated . . ." *Bartling v. Fruehauf Corp.,* 29 F.3d 1062, 1070 (6th Cir. 1994). The *Bartling* Court noted "the purpose of ERISA's disclosure requirements is to ensure that 'the individual participant knows exactly where he stands with respect to the plan.'" *Id*. citing *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 118 (1989). "This suggests that, all other things being equal, courts should favor disclosure where it would help participants understand their rights." *Id*.

6

The *Bartling* Court held that a purchase agreement was not an "other instrument" under which the Plan was established or operated. *Id*. But the *Bartling* Court also held that the defendants should have disclosed a "Calculation Procedure," even though not requested by name, under § 1024(b)(4). The plaintiffs had requested "benefit computation worksheets," to which defendants responded were non-existent because such computations were all performed by computer. *Id.* But defendants had a written "Calculation Procedure" that was a detailed description of the procedures followed to derive a participant's benefits. *Id.* The defendants produced the Calculation Procedures in discovery and argued that it did not have to be produced sooner because plaintiffs did not request it by name. Defendants further argued that the plaintiffs knew defendants possessed a computer program but failed to request production of it. The *Bartling* Court disagreed with the defendants: "Plaintiffs' decision not to ask for the computer program is irrelevant to the question of whether Defendants should have timely produced the Calculation Procedure." *Id*. at 1071. The Court held Defendants knew or should have known they had to furnish it to plaintiffs in response to their request. *Id*.

The parties have not cited a case addressing whether the exact type of document that the Gibsons are seeking to discover would qualify as an "other instrument" under § 1024(b)(4)'s "other instruments." But, the documents at issue here, if they exist, appear factually more like the Calculation Procedures at issue in *Bartling* than the claims form at issue in *Allinder*. Thus based on the caselaw above, if Conduent has a document that explains the process in which Mr. Gibson's elections would be processed, that would seem to qualify as an "other instrument" under § 1132(c) per the Sixth Circuit's analysis in *Allinder* because it would help the Gibsons understand how the plan *is operated.* It would also ensure that the Gibsons had access to the information they need to protect their interests in the assets and funds being managed by the plan fiduciaries. Details about

7

the order in which transactions are processed go more to how the plan operates than merely being a ministerial function. The Sixth Circuit noted in *Bartling* that "all other things being equal, courts should favor disclosure where it would help participants understand their rights." Thus, given the stage of the litigation and uncertainty about whether Conduent has such a document, to be certain the Court will amend its earlier opinion to permit the Gibsons to conduct discovery on their statutory penalty claim. The grant of summary judgment to Ford on its statutory penalty claim is thus vacated, but the Court may reinstate that ruling under the Court's previous analysis depending up on the results of discovery. This opinion does not address the ultimate merits of the Gibson's claim for statutory penalty. The Court's earlier opinion remains the same as to Conduent.

2. The Gibsons' discovery requests to Conduent [DE 83-1 at 1176-78].

The Court also believes Conduent needs to respond and produce the discovery sought by the Gibsons' discovery requests [DE 83-2, Exh. A; 83-1 at 1176-78]. Particularly request for production of documents 22, which asks for the documents related to the memo from April 18, 2017 which states, "Xerox reviewed their recordkeeping system and processing rules, and determined the transactions were processed correctly." The Gibsons are seeking those documents at Xerox which made Xerox determine the transactions were processed correctly. Conduent needs to produce this discovery regardless of the Court's grant of summary judgment to either Conduent or Ford on the statutory penalty claim as the Gibsons' still have a breach of fiduciary duty claim against Conduent. And even if there were no claim against Conduent, either Conduent as a third party, or Ford in relation to documents in its control but possession of third party, would have an obligation to produce this discovery to the Gibsons. For these reasons, so that there is no question on whether this information and documents should be produced, Conduent is ordered to supplement it responses to the Gibsons' discovery requests within 45 days of this order.

### III. CONCLUSION

For the reasons set forth above, **IT IS ORDERED AS FOLLOWS**:

(1) For these reasons, having considered the above motion, it is **ORDERED** as follows:

(1) Plaintiff's Motion to Alter, Amend, or Vacate Judgment [DE 83] is **GRANTED** as set forth above;

(2) The Court **VACATES** its earlier ruling [DE 82] in part as set forth above on the statutory penalty claim against Ford;

(3) Conduent is ordered to **SUPPLEMENT** it responses to the Gibsons' discovery requests within **45 days of the entry of this order**.

*Rebecca Grady Jennings, District Judge*
United States District Court

January 8, 2021